UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONID MIKITIYANSKIY,                    INDEX NO.  10 CV 7667 (LBS)

　　　　　　　Plaintiff,

　　　　-against-

SEARS ROEBUCK AND CO. and
KENMORE,

　　　　　　　Defendants.


# DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF THEIR MOTION TO DISMISS


**SCHIFF HARDIN LLP**
**900 Third Avenue**
**New York, New York 10022**
**(212) 753-5000**
*Attorneys for Defendants*
*Sears Roebuck and Co. and Kenmore*

Table of Contents

Page

I.      STATEMENT OF RELEVANT FACTS ........................................................... 2

        A. Plaintiff Mikityanskiy ................................................................................ 2

        B. The Complaint ........................................................................................... 2

        C. The *Tex Pat* Litigation ............................................................................. 5

II.     LEGAL STANDARD ................................................................................... 7

III.    LEGAL DISCUSSION ................................................................................. 9

        A.      The Complaint Must Be Dismissed Because Plaintiff Fails To State A Claim
                Under 35 U.S.C. § 292. ..................................................................... 9

                1.      Plaintiff Fails to Make the Requisite Threshold Showing
                        for Section 292 Liability. .......................................................... 9

                        a. Sears Did Not "Mark Upon" or "Affix To" an Unpatented
                           Article the Word "Patent." .................................................. 9

                        b. Sears Did Not Advertise the Products in Issue as Patented ...... 10

                2.      Mikityanskiy Does Not Plead Intent to Deceive with the
                        Requisite Particularity under Rule 9(b). ................................... 11

                3.      The Complaint Must Be Dismissed Because Mikityanskiy
                        Fails to Satisfy Even the Minimal Pleading Standard Set
                        Forth in Rule 8. ..................................................................... 15

        B.      The Complaint Must Be Dismissed Because Mikityanskiy Has No Claims
                To Assert Because Another Lawsuit Asserting These Claims Has Been
                Settled And Dismissed With Prejudice. ............................................. 16

                1.      This Case Should be Dismissed based on Res Judicata. ............... 16

                2.      This Case Should Be Dismissed Based on Accord and
                        Satisfaction. ........................................................................... 19

IV.     CONCLUSION ......................................................................................... 21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
LEONID MIKITYANSKIY,
          Plaintiff,

     v.                                    10 CV 7667 (LBS)

SEARS ROEBUCK AND CO. and
KENMORE,
          Defendants.
-------------------------------------------------X

## DEFENDANTS'
## MEMORANDUM OF LAW IN SUPPORT OF THEIR
## MOTION TO DISMISS

      Plaintiff Leonid Mikityanskiy ("Mikityanskiy") commenced this *qui tam* action on behalf

of the United States of America against Sears, Roebuck and Co. and "Kenmore" pursuant to 35

U.S.C. §292, the false patent marking statute.[1] Sears respectfully requests that the Court dismiss

the Complaint pursuant to Rules 8, 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure

because Mikityanskiy has not sufficiently stated a claim for which relief can be granted.

Mikityanskiy has not and cannot plead with particularity any facts showing that Sears made,

falsely marked or falsely advertised the named products, much less acted with a specific intent to

deceive the public as required to state a false patent marking claim. Moreover, Mikityanskiy has

no claims to assert with regard to those products because the United States and a prior *qui tam*

relator already sued on and thereafter settled and released these claims in a prior lawsuit.

---

[1]     "Kenmore" is a registered trademark and brand under which Sears conducts business; it is not an entity, and thus is named improperly as a separate party. See Complaint at ¶18, attached as Exhibit A to the Declaration of Judith S. Roth dated February 4, 2011. Therefore, in this brief, "Sears" will be used to refer to both named defendants "Sears" and "Kenmore" except where specifically citing allegations in Mikityanskiy's Complaint.

## I.   STATEMENT OF RELEVANT FACTS

### A.   <u>Plaintiff Mikityanskiy</u>

Mikityanskiy is a New York attorney acting as his own counsel in this case.  He does not allege that he is a competitor of Sears nor does he allege that he was confused or deceived by the numbers of any expired patents allegedly appearing on the products in issue.  His business appears to focus heavily, if not entirely, on the filing of false patent marking claims.  He has filed nine *qui tam* actions alleging false patent marking in the Southern District of New York since August, 2010. See, e.g, *Mikityanskiy v. Cole Haan Holdings, Inc. et al.*, 1:2010-cv-09003; *Mikityanskiy v. Bausch and Lomb, Inc., et al.*, 1:2010-cv-06096; *Mikityanskiy v. Thermionics, Inc.*, 1:2010-cv-06323; *Mikityanskiy v. Podee, Inc,.* 1:2010-cv-06410; *Mikityanskiy v. American Sporting Goods Corp.*, 1:2010-cv-03981; *Mikityanskiy v. Husqvarna Consumer Outdoor Products, N.A., Inc. et al*, 1:2010-cv07666; *Mikityanskiy v. Pure Fishing, Inc., et al*, 1:2010-cv-06780; *Mikityanskiy v. Vida Shoes International, Inc.*, 1:2010-cv-06781; *Mikityanskiy v. Buster Brown & Co. et al*, 1:2010-cv-08302,  In this false marking case against Sears, Mikityanskiy conclusorily alleges individual harm premised on his purchase of a single Kenmore® brand water filter for $48.13 from a Sears store in Burlington, New Jersey.  Declaration of Judith S. Roth dated February 4, 2011 ("Roth Decl."), Ex. A (Complaint, Ex. F).

### B.   <u>The Complaint</u>

Mikityanskiy alleges that Sears sold Kenmore® brand refrigerator water filter products with expired patents for the purpose of deceiving the public.  Roth Decl., Ex. A (Complaint at ¶3).  Virtually all of the material factual allegations of the Complaint are "on information and

belief." *Id.* at ¶¶ 30-53. Thus, "on information and belief," Mikityanskiy contends that three expired U.S. Patents appear on the Kenmore® brand water filters: Patent No. 4,735,716 (the "716 Patent"); Patent No. 4,877,521 (the "521 Patent"); and Patent No. 4,948,505 (the "505 Patent") (collectively "Expired Patents"). *Id.* at ¶21, and that Sears falsely marked the patents in question on the Kenmore® brand water filter products. *Id.* at ¶¶ 21, 33-34, 37, 45-46. He names three specific products that are allegedly falsely marked with the Expired Patents: Kenmore Refrigerator Cyst Water Filter Model No. 9010; Replacement Cartridge NLC240V for Filter Model WF-NLC240V and Replacement Cartridge LC400V for Filter Model WF-LC400V. *Id.* at ¶34.

Other material allegations of the Complaint are also "on information and belief." Mikityanskiy alleges "on information and belief" that Sears "manufactures" the refrigerator water filters under the Kenmore® brand, Complaint at ¶¶20, 30, and that Sears's actions are "active, knowing and willful." *Id.* at ¶41.

Remaining Complaint allegations, however, refute the existence of any plausible basis for these allegations "on information and belief" and the legal conclusions that Mikityanskiy draws from them. The Complaint acknowledges – and the moving defendants do not dispute – that "third party manufacturers make products for Sears and/or Sears Holdings Corporation under the Kenmore® brand, including kitchen appliances, parts and accessories. *Id.* at ¶25. The single Kenmore® brand water filter Mikityanskiy purchased came in packaging, annexed as Exhibit D to the Complaint, that expressly states: "Manufactured *for* Sears, Roebuck & Co., Hoffman Estates, IL 60179." *Id.,* Ex. D. Mikityanskiy provides no factual basis to support the conclusion that Sears falsely marked the products in issue; none exists.

Similarly, with respect to the allegation that Sears's actions are "active, knowing and willful," Mikityanskiy acknowledges in the Complaint that Sears does not own the patents in question. *Id.* at ¶ 27.  He pleads that they are owned by 3M Innovative Properties Co. who in turn acquired them by assignment from other entities, including CUNO Incorporated (collectively "3M"). *Id.*  He annexes the patents in question as Exhibits A to C to the Complaint.  *Id.*, Exs. A – C.  Those exhibits confirm that 3M, and not Sears, is the patent holder. *Id.*  And, as the filings in the case of *Tex Pat, LLC v. 3M Company, et al.,* discussed below, reveal, 3M also made and marked the products that Mikityanskiy accuses in his Complaint.

In support of his allegations that Sears used alleged false patent markings in advertising, Mikityanskiy annexes the packaging of the water filter he purchased. Roth Decl., Ex. A (Complaint, Ex. D).  As is evident from the packaging, the filter is not a stand-alone product but rather is made and sold to fit and be installed in a previously purchased refrigerator, replacing the filter with which the refrigerator came equipped. *Id.* ("Easy, do-it-yourself installation.  Fits refrigerators manufactured with the water filter system built into base grille on the lower front of the model."). *Id.*  While the information the consumer needs to assess compatibility or "fit" is on the *front* of the package, the alleged false patent marking appears in small print on the *back* of the package and is not readily visible.[2]  *Id.*  The allegedly false patent markings also appear on the filter itself, but would not be visible until after the product had been purchased and the filter removed from the packaging.

The only other allegations in the Complaint with respect to 'advertising' declare that Sears advertises its products generally as "innovative" and states on the Kenmore® products

---

[2]  Interestingly, Exhibit D to the Complaint seems designed to suggest otherwise, as the back of the package appears as the first page of Exhibit D and the front of the packaging as the second page.

website that it sells "the newest and most innovative Laundry Appliances." Roth Decl., Ex. A

(Complaint at ¶¶39-40). Neither of these alleged statements makes any reference to the patent

status of any products, let alone the accused products, and the second statement relating to

"Laundry Appliances" has nothing to do at all with refrigerator water filters.

    C.    The *Tex Pat* Litigation

    Mikityanskiy has never named as a defendant in the instant action the known holder of

the patents in question, 3M.  Presumably, this is because he is aware that false marking claims

against the 3M patents and products in issue in this case were settled, released and dismissed in

an action brought by a different *qui tam* plaintiff on its own behalf and *on behalf of the United*

*States* in the United States District Court for the Eastern District of Texas captioned *Tex Pat,*

*LLC v. 3M Company, 3M Purification Inc., f/k/a CUNO INCORPORATED and  CUNO*

*Engineered Products, Inc.*, Civ. Action No. 5:10-CV-115 ("*Tex Pat* litigation").

    The *Tex Pat* litigation was filed on July 18, 2010, almost 3 months before the instant

action.  Roth Decl., Ex. B (Tex Pat Complaint).  The Tex Pat Complaint identified representative

examples of specific products and patents, but explicitly stated that the claims were not limited to

those specific examples.  *Id.* at ¶ 9. (" 3M has and continues (and/or has and continues to cause

others) to mark upon, affix to, and/or use in advertising patents, including, by way of example

only [patent number and product]").  Moreover, the relief sought in the complaint extended to

"[a]n accounting for any falsely marked articles not presented at trial and a monetary award set

by the Court for such falsely marked articles." *Id.* at ¶ 11 (Prayer for Relief.)

    After serving the complaint, the relator in the *Tex Pat* litigation invited 3M to negotiate

all potential false marking claims involving 3M products.  Roth Dec., Ex. F (Tex Pat

Confidential Settlement Offer).  Thereafter, Tex Pat on its own behalf and on behalf of the

United States entered into a confidential settlement agreement with 3M with respect to all potential false marking claims against 3M products in mid-October, 2010.  Roth Decl. Ex. G (Tex Pat Confidential Settlement Agreement).  The settlement agreement provided for the filing of an Amended Complaint identifying all settled 3M marked products and contained a release by the *qui tam* relator on its own behalf and on behalf of the United States expressly releasing 3M and its "manufacturers, suppliers, distributors, customers, consumers, and any related entities or others within the entire chain of manufacture, distribution, or sale of the Marked Products." *Id.*

As required by the settlement agreement, Tex Pat filed an Amended Complaint, which listed the allegedly falsely marked products and patents covered by the settlement agreement, including the specific products and patents alleged by Mikityanskiy in the present case.  Roth Decl., Ex. C (Tex Pat Amended Complaint).  Thus, Paragraph 9 ii in the Tex Pat Amended Complaint alleges, among other things, that 3M made "3M's refrigerator and appliance water filters, including, but not limited to appliance filters sold under the Whirlpool®, Sears Kenmore®, or Maytag® Puri Clean® brands." *Id.* at ¶9 ii.  The Tex Pat Amended Complaint further alleges that 3M falsely marked the products listed in Paragraph 9, including the Kenmore® brand water filter products, with, among other 3M patents, the '716, '521 and '505 Patents in question in this case. *Id.* at ¶ 10.

Following the settlement and filing of the Amended Complaint, Tex Pat and 3M filed a Joint Motion and Stipulation of Dismissal with Prejudice agreeing, among other things, that any other litigation, involving any claims for relief asserted in the action or that could have been asserted in the action, is barred.  Roth Decl., Ex. D (Joint Motion for and Stipulation of Dismissal with Prejudice).  Consistent with the express release in the settlement agreement, the Joint Motion and Stipulation also provided that no further liability would arise from sale of the

settled products by the 3M defendants or by entities selling products made by the 3M defendants provided that the allegedly mismarked inventory was sold within a reasonable time. *Id.*

3M paid the agreed settlement amount and the United States accepted the settlement and 3M's payment. Roth Decl., Ex. H (Letter confirming receipt and acceptance of payment).

By Order dated December 27, 2010, all claims in the *Tex Pat* action were dismissed with prejudice. Roth Decl., Ex. F. In its Order, the Court specifically stated that any other action for false marking "with regard to any actions by the Defendants occurring before this Order of Dismissal regarding any and all claims for relief asserted herein, or that could have been asserted herein, is barred." *Id.*

## II.   **LEGAL STANDARD**

A motion to dismiss is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure where a plaintiff's allegations fail to state a claim upon which relief may be granted. Although the court accepts as true the factual allegations in a plaintiff's complaint, Rule 12(b)(6) does not require that the court accept conclusory allegations or a plaintiff's legal conclusions. *Harris v. Mills*, 572 F.2d 66, 71 (2d Cir. 2009). A complaint will not suffice if it offers "labels and conclusions" or "a formulaic recitation of elements of a cause of action." *Iqbal*, 129 S.Ct. at 1949. To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) which was quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A claim is plausible on its face when the facts pleaded in the complaint show "more than a sheer possibility that a defendant has acted unlawfully," *Iqbal*, 129 S.Ct. at 1949, *i.e.*, when sufficient facts have been pleaded to allow "the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

In evaluating a motion to dismiss, it is appropriate to consider the documentation referenced in the Complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (noting that "[f]or purposes of [Rule 12(b)], the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference"). Similarly, the Court does not have to accept pleaded facts as true when judicially noticed facts contradict those pleaded in the complaint. *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995) (sustaining dismissal of complaint where factual allegations supporting a claim "are contradicted . . . by facts of which [the court] may take judicial notice. Judicially noticed facts include facts known through the public record, such as pleadings, orders, and other papers filed with the court. *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

It is improper to deny a motion for judgment on the pleadings on the assumption that plaintiff after discovery will be able to "prove facts that it has not alleged." *Twombly*, 550 U.S. at 563, n. 8 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)). The Court expects factual specificity in a pleading before allowing discovery to proceed. "[I]t is only by taking care to require allegations [to] reach the level [of plausibility] that we can hope to avoid the potentially enormous expense of discovery." *Twombly*, 550 U.S. at 559. *See also Iqbal*, 129 S.Ct. at 1950 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.")

### III.   LEGAL DISCUSSION

#### A.   The Complaint Must Be Dismissed Because Plaintiff Fails To State A Claim Under 35 U.S.C. § 292.

**1.  Plaintiff Fails to Make the Requisite Threshold Showing for Section 292 Liability.**

The false patent marking statute, 35 U.S.C. § 292 ("Section 292"), is a *qui tam* statute pursuant to which any person may bring a claim to enforce the statute on behalf of the United States. 35 U.S.C. § 292(b); *Stauffer v. Brooks Bros., Inc.*, 619 F. 2d 1321 (Fed. Cir. 2010). The statute states in pertinent part:

> ...Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the word 'patent' or any word or number importing the same is patented, *for the purpose of deceiving the public*...shall be fined not more than $500 for every such offense.

35 U.S.C. § 292(a) (emphasis added). Mikityanskiy fails to allege facts sufficient to satisfy the requirements to state a claim under Section 292.

#### a.  Sears Did Not "Mark Upon" or "Affix To" an Unpatented Article the Word "Patent."

By the express terms of Section 292, a defendant can be potentially liable under Section 292 only if its "marks upon" or "affixes" the allegedly false marking to the products in issue. Here, Sears did not "mark upon" the products in issue or "affix to" them any patent marking. Mikityanskiy alleges no facts that would support his repeated conclusory allegations "on information and belief" that Sears did so. The filings in the *Tex Pat* litigation make plain that 3M, not Sears, made and marked the allegedly falsely marked Kenmore® brand water filters. Roth Decl., Exs. C and G. Mikityanskiy pleads no facts that could support a different conclusion. To the contrary, the water filter packaging Mikityanskiy annexes to the Complaint as Exhibit D expressly states: "Manufactured *for* Sears, Roebuck & Co., Hoffman Estates, IL

60179." *Id.,* Ex. D (emphasis supplied). Accordingly, plaintiff cannot make the threshold showing necessary for a false marking claim.

**b.  Sears Did Not Advertise the
   <u>Products in Issue As Patented.</u>**

Mikityanskiy also cannot make a threshold showing that Sears advertised unpatented articles as patented.  The courts have held that the statutory requirement for "uses in advertising" contemplates a use to "call something to the attention of the public by way of paid announcement." *Oakley, Inc. v. Bugaboos Eyewear Corp.,* __ F. Supp.2d __ , 2010 WL 5173678 (S.D. Cal. Dec. 15, 2010) at *6 (finding that allegedly falsely marked warranty cards for Oakley sunglasses did not meet "uses in advertising requirement" because the "warranty cards are found inside the packaging; they are invisible until the product is purchased and the packaging opened.")  Not only did Sears not mark the product or the packaging, but the package and product markings alleged in the Complaint are not paid announcements broadly advertising the water filter products as patented. *Inventorprise, Inc. v. Target Corp., No. 09-CV-00380, 2009 WL 3644076* at *4 (N.D.N.Y. Nov. 2, 2009) ("This marking does not constitute 'advertising', within the meaning of §292(a).  The printed words on the backside of the packaging do not constitute a 'printed...paid announcement' intended to call the public's attention to the product.")

Mikityanskiy also cannot use Sears' web pages to fill the void.  While the alleged website statements are broadly disseminated to call attention to Sears products, they never refer to the products in issue as patented as required by Section 292.  Mikitiyanskiy's allegations that Sears "broadly advertises its 'innovative' products, including appliances, tools and equipment" online and that the Kenmore® products website home page carries the title "Innovative Kitchen, Laundry, Home & Outdoor Appliances" (Roth Decl., Ex. A (Complaint at ¶¶ 39, 40)) are

patently (no pun intended) insufficient as well. "Innovative" is not the same language as "patented," "patent pending," "patent applied for" or any word importing a patent exists or has been applied for.

## 2.   Mikityanskiy Does Not Plead Intent to Deceive with the Requisite Particularity under Rule 9(b).

Even assuming *arguendo* that Mikityanskiy had made sufficient factual allegations of false marking and false advertising beyond the speculative level (which he has not), there are no allegations in the Complaint that meet the further requirement in Section 292 that the plaintiff make a specific showing of intent to deceive.  While the Federal Circuit recently clarified that marking a product with an expired patent number can, in some circumstances, create liability under Section 292, *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1361-62 (Fed. Cir. 2010), any such claim requires a showing of "a purpose of deceit, rather than simply knowledge that a statement is false." *Id.* at 1363.  Intent to deceive must be pled "with sufficient specificity to meet the heightened pleading requirements for claims of fraud imposed by' Rule 9 (b)." *Stauffer v. Brooks Brothers*, 619 F.2d 1321,1328 (Fed. Cir. 2010) (standard articulated in the context of the remand of the case to the Southern District of New York to address the motion to dismiss on the ground that the complaint fails to allege intent to deceive the public); *see, e.g.*, *Juniper Networks v. Shiple*y, No. C 09-0696, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009) ("The false marking statute is a fraud-based claim, which is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b)."); *Inventorprise, Inc. v. Target Corp.*, No. 09-CV-00380, 2009 WL 3644076, at *7 & n.16 (N.D.N.Y. Nov. 2, 2009) (citing *Juniper Networks* for the proposition that § 292 is a fraud-based claim, subject to Rule 9(b)); *see also Mayview Corp. v.*

*Rodstein*, 620 F.2d 1347, 1360 (9th Cir. 1980) ("The state-of-mind finding with respect to false marking logically should be consonant with the 'fraud' findings.").[3]

Rule 9(b) requires that in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To meet this standard, a plaintiff must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009); *U.S. v. The City of New York*, No. 03 Civ. 413 (DAB), 2006 WL 846376 at *4 (S.D.N.Y. March 31, 2006) ("While this Rule goes on to provide that '[m]alice, intent, knowledge and other conditions of mind of a person may be averred generally, the mandate of the Rule is that a complaint alleging fraudulent conduct must allege such conduct with particularity.")

Here, the Complaint lacks the requisite particularized pleading, and for good reason – the facts that Mikityanskiy would have to allege to meet the threshold simply do not exist. Mikitanskiy makes the repeated generic allegation "on information and belief" that Sears falsely marked or caused the marking of the Kenmore® brand filters with the patents in issue. Complaint at ¶¶33, 37, 45. Mikityanskiy, however, "provides neither the 'information' on which he relies nor any plausible reasons for his 'belief.'" *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330-31 (Fed. Cir. 2009). Mikityanskiy does not provide a single particularized fact supporting his claim. There are no circumstances alleged that make it plausible even to find that Sears knew the patents in issue had expired, much less acted with an intent to deceive. The complaint and materials annexed to it show that Sears did not own the patents in question and did not make the products on which the patent numbers were placed. Complaint, Exs. A-C, D.

---

[3]       In other *qui tam* actions, such as those under the False Claims Act, the courts in the Second Circuit require plaintiffs to satisfy Rule 9(b). *Gold v. Morrison-Knudsen Co.*, 68 F.3d 1475, 1476 (2d Cir. 1995); *United States v. Weill Medical College of Cornell University*, 2010 WL 4766707 (S.D.N.Y. Jan. 21, 2010).

The pleadings in the *Tex Pat* litigation confirm that 3M marked the products in issue with the patents in question. See Roth Decl., Ex. C.  Sears is a mere reseller of products that neither owned the patents or made or marked the products.

The allegations that Sears is a "sophisticated company," that it holds a number of design and utility patents and that it "has extensive experience applying for patents, obtaining patents, and/or litigating patent infringement suits," Complaint at ¶¶ 47-50, to the extent they are relevant at all, are insufficient to provide a basis for a finding of intent to deceive under the Rule 9(b) pleading requirement. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326-27 (Fed. Cir. 2009) ("A pleading that simply avers the substantive elements . . . without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)."); *see also King Automotive, Inc. v. Speedy Muffler King, Inc.*, 667 F.2d 1008, 1010-11 (C.C.P.A. 1981) ("Rule 9(b) requires that the pleadings contain explicit rather than implied expression of the circumstances constituting fraud.")  Similarly, the fact that Sears has an "in house legal department and/or retains attorneys who are responsible for Sears's intellectual property", Complaint at ¶ 51, does not mean those attorneys would know patents held by 3M had expired. See *Herengracht Group LLC v. American Tombow, Inc.*, No. 2:10-cv-362-FtM-29SPC, 2010 WL 5477495 (M.D. Fla. Dec. 30, 2010) at *3 (dismissing a false marking complaint and noting the complaint does not allege the defendant knew of the expiration of the patent at the time the products were marked, and that knowing generally that patents expire is insufficient).

The decision in *Inventorprise, Inc. v. Target Corp.*, No. 09-CV-00380, 2009 WL 3644076 (N.D.N.Y. Nov. 2, 2009) is directly on point.  In that case, a claim against a retailer was dismissed on motion pursuant to Rule 12(b) on very similar facts.  Target, like Sears, did not make or mark the products in issue or own the patents in question.  The court rejected the

argument that the "mere act of offering a mis-marked product for sale in a retail store" brings the matter within the purview of Section 292." *Id.* at 4.  In so holding the Court stated in highly relevant language:

> It is mere supposition to conclude that, because Target is a sophisticated corporation, it knew that the Product was not patented and that the patent number printed on back of the package belonged to another item.[footnote omitted]  It is even more speculative to conclude that, because Target supposedly had this knowledge, it offered the Product for sale in the packaging provided by Cedar Fresh with the specific intent to deceive the public.

*Id.* at 5.

Likewise, there is no basis for Mikityanskiy's contention that Sears "advertised" the allegedly mistaken patent status of the water filter products in issue with intent to deceive the public – or even that it advertised that status at all.  The mere sale of a mismarked product in a retail store does not satisfy the "advertising" requirement, nor does the placement of an expired patent number on the back of packaging. *Inventorprise, Inc.*, 2009 WL 3644076 at *4. Moreover, the only members of the public who would purchase the water filter products in issue in the ordinary course would do so because they already owned compatible refrigerators. The filters have no other purpose.  Compatibility, not patent markings, would be material to that purchase.  Moreover, as previously noted, the patent markings appear only on the back of the packaging and on the filter itself – neither of which is readily visible to the prospective purchaser.

With no facts to support his allegation of a specific intent to deceive, Mikityanskiy's Complaint cannot meet the Rule 9(b) pleading requirements.  Accordingly, Sears respectfully requests that the Complaint be dismissed.

**3.    The Complaint Must Be Dismissed Because Mikityanskiy Fails to Satisfy Even the Minimal Pleading Standard Set Forth in Rule 8.**

Mikityanskiy's Complaint is an example of the type of pleading that also does not suffice even under the lesser requirements of Rule 8.   Under Rule 8(a), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The only statements offered in support of Sears's alleged state of mind are precisely the "formulaic recitation" or "[t]hreadbare recital[ ]" of an element of a cause of action that *Twombly* and *Iqbal* have proscribed.  *See Twombly*, 550 U.S. at 545; *Iqbal*, 129 S. Ct. at 1949.   As other courts have done, this Court should find that Mikityanskiy's allegations fall far short of stating a cognizable claim and dismiss the Complaint for failing to properly do so.   *See Brinkmeier v. Graco Children's Prods. Inc.*, No. 09-262-JJF, 2010 WL 545896, at *4 (D. Del. Feb. 16, 2010) ("[T]he Amended Complaint, in large part, fails to sufficiently plead a required element—intent to deceive—under even the liberal pleading standards of Rule 8(a)."); *Inventorprise, Inc.*, 2009 WL 3644076, at *7 ("Plaintiff has failed to set forth sufficient facts to establish a plausible claim that, by selling the Product with a false patent number on the back of its package, [Defendant] acted with the intent to deceive the public.").   Mikityanskiy does not allege a plausible factual basis for relief sufficient to rise above the speculative level.

**B.    The Complaint Must Be Dismissed Because Another Lawsuit Asserting These Claims Has Been Settled And Dismissed With Prejudice, Leaving Mikityanskiy With No Claims To Assert.**

**1.    This Case Should be Dismissed based on *Res Judicata*.**

The motion to dismiss should be granted on the further ground that Mikityanskiy has no claims to assert against Sears under Section 292—all of his purported claims have already been settled, paid, released and dismissed with prejudice.  The patents and products in issue in this action were within the scope of the allegations in the *Tex Pat* litigation. The same Section 292 claim asserted here has been dismissed with prejudice in the *Tex Pat* litigation and Mikityanskiy is barred by the doctrines of res judicata and accord and satisfaction from re-litigating them.

Under Section 292, in return for bringing the claim, the plaintiff, also known as the "relator," keeps half of the recovery. 35 U.S.C. § 292(b) ("Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.").  Upon the relator's filing, the United States' claim is essentially assigned to him, her or it.  See, e.g., *Simonian v. Quigley Corp.*, No. 10-C-1259, 2010 WL 2837180 at *2 (N.D. Ill. July 19, 2010). Under the developing law of Section 292, however, only a single relator can recover for falsely marking a particular product:

> [T]he false marking statute contains no provision allowing for multiple private plaintiffs to share in a recovery.  Rather, it contemplates only a single action brought by a private individual on behalf of the United States.  Just as the United States could not bring multiple identical actions against a defendant under the false marking statute, multiple private plaintiffs cannot do so on the government's behalf.

*Simonian v. Quigley Corp.*, No. 10-C-1259, 2010 WL 2837180 at *2 (N.D. Ill. July 19, 2010).

In its recent decision in *Stauffer v. Brooks Brothers*, 619 F.2d 1321 (Fed. Cir. 2010), the Federal Circuit also spoke to the issue of *res judicata*.  It reversed a denial of an intervention motion by the United States because the doctrines of *res judicata* and collateral estoppel might

- 16 -

bar the United States from recovering a fine from Brooks Brothers in a subsequent false marking action, noting "*res judicata* would attach to claims against Brooks Brothers for the particular markings at issue." *Id.* at 1329. *See also U.S. ex rel Chovanec v. Apria Healthcare Group, Inc.*, 606 F.3d 361, 362 (7th Cir. 2010) ("And if the action is related to and based on the facts of an earlier suit, then it often cannot be refiled - for once the initial suit is resolved ...(on the merits or by settlement), the doctrine of claim preclusion may block any later litigation. The plaintiff in a *qui tam* action, after all, is the United States rather than the relator; whether the United States wins or loses in the initial action, that is the end of the dispute.")

Each element required for the application of *res judicata* exists here.  The doctrine of res judicata provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153-54 (1979).  The *Tex Pat* litigation involved the same claim asserted by Mikityanskiy here: alleged false marking of the '716, '521 and '505 Patents on Kenmore® brand water filter products in violation of Section 292. Compare Roth Decl., Ex. A (Mikityanskiy Complaint) with Roth Decl., Ex. C (Tex Pat Amended Complaint at ¶¶ 9 and 10).  Tex Pat and Mikityanskiy both brought suit as q*ui tam* relators and in both cases the real party in interest is the United States. *Id.*  The United States, through Tex Pat, chose to settle a wide range of false marking allegations, including the precise allegations that Mikityanskiy asserts in this action – that the Kenmore® brand water filter products were falsely marked with the '716, '521 and '505 Patents. See Roth Decl., Ex. G.  The *Tex Pat* litigation has been dismissed with prejudice. Roth Decl., Ex. E.

The only remaining issue is whether Sears, which was not a party to the *Tex Pat* litigation, can assert the bar of *res judicata* as a reseller of the settled 3M products.  ''Privity' for the purposes of applying the doctrine of *res judicata* – is a legal conclusion 'designating a person

so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *United States v. Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (holding that the government is bound by a relator's actions because the government assigns the relator its claim). Such identity of interest exists here. As the Second Circuit noted in *Bechik Products, Inc. v. Flexible Products, Inc.*, 225 F.2d 603 (2d Cir. 1955):

> The purchaser of a manufactured product should not be barred, of course, from defending a suit brought against him by a patentee for infringement by a finding of infringement against the manufacturer for the very good reason that he has had no opportunity to be heard with respect to infringement in the suit against the manufacturer. But the same reasoning does not apply where the facts are reversed and the case is one where the patentee, having lost in his litigation against the manufacturer, brings suit against the latter's customer. The patentee, in such case, has had his day in court with respect to the subject matter of the litigation. <u>To hold that he is bound by the judgment in suits against other parties with respect to the same subject matter does him no injustice and prevents unseemly conflict of decision and useless prolonging of a controversy which has been decided against him by the courts.</u>"

*Id.* at 606-607 (emphasis supplied). The decision in *United States v. Weill Medical College of Cornell University*, No. 04 Civ. 3088 (WHP), 2010 WL 476707 (S.D.N.Y. January 21, 2010) is closely analogous. In that False Claims Act litigation, Judge Pauley specifically held that the doctrine of *res judicata* applied to preclude the pursuit by a *qui tam* relator of grant-related claims that had been settled and released by the United States, even though the relator was not a party to the Settlement between the United States and Weill Medical College. There, as here, the Settlement expressly released defendants who were not named parties to the litigation. *Id.* at *6 ("Finally, it is irrelevant that Gudas was not a party to the Settlement because the Settlement expressly released the employees of Weill Cornell from liability"); *see also, Sarafoglou v. Weill Med. Coll.*, 451 F. Supp. 2d 613, 621-22 (S.D.N.Y. 2006). Sears similarly was expressly released as a purchaser in the chain of distribution by the settlement in the *Tex Pat* litigation. Roth Decl., Ex. G.

Just last month, a United States District Court looked at the issue of claim preclusion by prior settlement in the false patent marking context. In *Simonian v. Irwin Indus. Tool Co.*, No. 10-cv-1260, 2011 WL 147717 (N.D. Ill. Jan. 18, 2011), the U.S. District Court refused to permit a complaint amendment, deeming it futile, because it would have added a new defendant who had settled previous false marking claims and been released with respect to the same patents and products. The court looked to the broad language in the releases in the settlements and found that the claims in the action before it fell within their scope. "It is common for parties to settle contested litigation with broad releases of the type used in the [first case], which relinquished improper marking claims whether known or unknown and whether or not asserted in the lawsuits," the court stated. "We see nothing in Section 292 that alters this basic tenet of contract law." *Id.* at 9-10. It also found irrelevant whether the United States was aware of the case then pending before the court at the time it settled the other cases. See also *San Francisco Technology, Inc. v. The Glad Products Company, et al.*, No. 10-DV-00966 JF, 2010 WL 2943537 (N.D. Ca. July 26, 2010) (dismissing claims asserted in later filed false marking action because the claims were within the scope of those alleged in an earlier filed action). For all the foregoing reasons, application of the doctrine of *res judicata* bars the instant action.

## 2.      This Case Should Be Dismissed Based on Accord and Satisfaction.

The doctrine of accord and satisfaction also precludes Mikityanskiy from pursuing this case. The real party in interest in the *Tex Pat* litigation and the instant litigation is the United States. In the *Tex Pat* litigation, the United States settled and released all the false marking claims at issue in this litigation. The *Tex Pat* settlement agreement constitutes an accord and satisfaction barring the assertion of the same claims in this action.

An accord and satisfaction exists where there is: (1) a bona fide dispute; (2) competent parties; (3) a meeting of the minds between the parties; and (4) consideration. *O'Connor v. United States*, 308 F.3d 1233, 1240 (Fed. Cir. 2003). The criteria outlined in *O'Connor* are met here. Tex Pat, on its own behalf and on behalf of the United States, disputed the marking by 3M of products with allegedly expired patents by commencing a lawsuit against 3M in the United States District Court for the Eastern District of Texas. Roth Decl., Exs. B and C. Tex Pat and 3M were represented by counsel in that litigation. Roth Decl., Ex. D. Tex Pat and 3M reached a meeting of the minds and entered into a settlement of the litigation, documented in a written settlement agreement, which was accepted by the United States. Roth Decl., Exs. G and H. As a condition of settlement, 3M had agreed to account for its products and the settlement included all allegedly falsely marked products, their packaging and advertising marked on or before the date of dismissal. Roth Decl., Ex. G. Tex Pat and the United States received the agreed settlement amount in consideration of the Tex Pat Settlement Agreement. Roth Decl., Ex. H. 3M, in turn, received consideration in the form of a broad release from any future liability for the settled false marking claims not only for itself but also for nonparties up and down the chain of distribution of the settled products. Roth Decl., Ex. G.

While the Court's analysis in *Irwin Tool.* did not expressly reference the doctrine of accord and satisfaction, the court's decision is premised on giving effect to releases entered into as part of settlement agreements, as is the case here. *Irwin Tool*, 2011 WL 147717 at *4-5. The Court determined the United States had relinquished its right to seek damages in the *Irwin Tool* lawsuit by virtue of the broad release set forth in the prior settlement agreement. *Id.* at 8.

Public policy considerations as well as time honored contract principles support the application of accord and satisfaction here. It would set a dangerous precedent indeed to permit

*qui tam* relators to sign and accept settlement agreements on their own behalf and on behalf of the United States and then later allow subsequent *qui tam* plaintiffs to disavow or rewrite and delimit the agreements. Where, as here, a legitimate settlement agreement binds the United States and releases the named defendant, application of the doctrine of accord and satisfaction is not only legally sound but also protects the courts, parties and public from duplicative, wasteful and time consuming litigation.

## IV.  <u>CONCLUSION</u>

For all the foregoing reasons, Sears respectfully requests that this Court grant its motion and dismiss Mikityanskiy's Complaint in its entirety with prejudice.

Dated: New York, New York
       February 4, 2011

                                          Respectfully submitted,


                                   By:     /s/ Thomas M. Crispi_____
                                           Thomas M. Crispi
                                           Judith S. Roth
                                           SCHIFF HARDIN LLP
                                           900 Third Avenue
                                           New York, New York 10022
                                           Tel: 212.753.5000
                                           Fax:212.753.5044

                                           Attorneys for Defendants Sears,
                                           Roebuck and Co. and Kenmore